■ AMITY FARMS SHOPPING CENTER, INC., Respondent, v. HAROLD J. MORSE et al., Appellants.— In an action by the seller against an escrowee, Harold J. Morse, the purchaser's attorney, and against the purchaser and its assignee, defendants Syosset Holding Corp. and Amity Associates, Inc., respectively, to recover the sum of $6,500 received by such escrowee as part of the down payment of $16,500 made pursuant to a contract for the purchase and sale of two parcels of land, defendants appeal from a judgment of the Supreme Court, Suffolk County, rendered August 3, 1959, entered in Nassau County, after a nonjury trial, in favor of the seller against the

escrowee. Judgment affirmed, with costs (see *Amity Associates* v. *Amity Farms Shopping Center,* 11 A D 2d 811). Beldock, Ughetta, Pette and Brennan, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to dismiss the complaint without prejudice, with the following memorandum: Pursuant to a provision of the contract, if the Shell Oil Company exercised its existing lease-option to purchase two parcels of land the contract was to terminate and the down payment, consisting of $10,000 paid directly to the seller and the $6,500 deposited in escrow with the purchaser's attorney, Morse, was to be returned to the purchaser. Under a supplemental escrow agreement the $6,500 was given to the escrowee "to be paid by him to the seller seven days after * * * [he shall have been] notified by the seller or its attorneys, that Shell Oil Company has not elected to purchase all of Parcels I and II." Thereafter the seller's attorneys notified Morse that they had received a written communication from Shell Oil Company "stating that they waived their rights under their lease * * * with respect to the instant transaction." Such a general statement of Shell's position does not satisfy the condition of the escrow agreement. It does not state clearly or unequivocally that Shell "has not elected to purchase" the two parcels of land here involved. Until and unless Morse received such an explicit notification he, as a trustee, exercising all the care and vigilance of a trustee, was not required to release the escrow money to the seller and thus expose himself to the risk of a lawsuit by the purchaser.